### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

LUCRETIA STONE,

        Petitioner,

     v.

VALERIE AUTHOR, et al.,

        Respondents.

Civil Action No. 14-3697 (MCA)

**MEMORANDUM OPINION**

This matter has been opened to the Court by Respondent's filing of a motion to dismiss the habeas Petition brought pursuant to 28 U.S.C. § 2254 by *pro se* Petitioner Lucretia Stone,[1] a prisoner confined at Edna Mahan Correctional Facility.  Respondent has moved to dismiss the Amended Petition ("Petition") on timeliness grounds.  For the reasons explained below, the Court will deny the motion at this time, and direct Respondent to file a <u>full and complete</u> Answer to the Petition. If appropriate, Respondent may renew its timeliness argument in its Answer.

The Court recounts only the facts necessarily to this Memorandum Opinion.  The case was previously assigned to the Honorable Faith S. Hochberg.  Petitioner's initial habeas petition is dated June 3, 2014.  (ECF No. 1.)  The Court administratively terminated the action for failing to use the correct habeas form.  (ECF No. 2.)  Petitioner subsequently submitted an Amended Petition on the correct form.  (ECF No. 3.)  Judge Hochberg issued an Order to Show Cause as to why the Amended Petition should not be dismissed as time barred under the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  (ECF

---

[1] Although Plaintiff signs her Petition as Lucretia Stone, it appears that she also used the name Lucerita Stone.

No. 4.)  Petitioner submitted a response to the Order to Show Cause addressing the issue of timeliness.  (ECF No. 5.)  The case was subsequently transferred to the undersigned.  (ECF No. 6.)  On May 4, 2016, the Court reserved decision on the issue of timeliness, and ordered Respondent to file a <u>full answer</u> to the Petition.  (ECF No. 9.)  On June 7, 2016, however, Respondent filed a motion to dismiss the Petition on timeliness grounds only.[2]  (*See* ECF No. 11.)

The state court record submitted by Respondent establishes the following timeline. Petitioner's conviction was entered on January 13, 2000.  (ECF No. 11-2 Judgment of Conviction ("JOC").)  Petitioner appealed to the New Jersey Appellate Division and her conviction was affirmed, but her sentence was modified on August 4, 2003.  (ECF No. 11-3.) Petitioner's Petition for Certification on direct appeal was denied by the New Jersey Supreme Court on October 29, 2003.  (*State v. Stone*, 178 N.J. 36 (2003)).  Petitioner filed a petition for post-conviction relief ("PCR"), which was denied by the PCR court on March 30, 2006.  (ECF No. 11-6, PCR Tr. dated Mar. 30, 2006.))  On or about November 10, 2007, while Petitioner's appeal from the order denying the PCR was pending before the Appellate Division, Petitioner filed a Motion for a New Trial Based on Newly Discovered Evidence.[3]  (*See* 5-1, Petitioner's

---

[2] On July 8, 2016, Petitioner filed a motion for an extension of time within which to submit a reply to Petitioner's motion.  (ECF No. 12.)  Petitioner's reply was docketed on September 12, 2016.  (ECF No. 13.)  The Court will grant the motion, and has considered Petitioner's reply in ruling on the instant motion to dismiss.  As stated in the Order accompanying this Memorandum Opinion, Petitioner may also submit a reply to Respondent's full answer.

[3] In its Opinion, the Appellate Division described the evidence that formed the basis for Petitioner's application for relief as follows:

> The evidence at issue consisted of computer printouts reflecting certain gasoline sales during the time Stone was alleged to have purchased the gasoline used in connection with the arson. Stone argued that a new trial was required because the printouts did not reflect the purchase of the small amount of gasoline she was alleged to have purchased and, consequently, could have been used

Answer to OTSC; ECF No. 11-1, Respondent's Br. at 2.) On February 29, 2008, the Appellate Division in an unpublished opinion, affirmed the order denying the PCR. (*State v. Stone*, 2008 WL 539254 (Sup. Ct. App. Div. Feb. 29, 2008.) The New Jersey Supreme Court denied the petition for certification on May 30, 2008. *See State v. Stone*, 195 N.J. 524 (2008). On April 29, 2011, the Law Division entered an order denying the Motion for a New Trial. (ECF No. 11-11, Tr. dated Apr. 29, 2011.) Petitioner appealed, and, on May 22, 2013, the Appellate Division affirmed the order denying the New Trial Motion. *State v. Stone*, 2013 WL 2217493 (App. Div. May 22, 2013.) On December 6, 2013, the New Jersey Supreme Court denied the petition for certification. *State v. Stone*, 216 N.J . 366 (2013).

Respondent argues that Petitioner is not entitled to statutory tolling for the November 10, 2007 motion because was untimely under state law, and, as such, her Petition is untimely under ADEPA's one-year statute of limitation. For the reasons explained below, the Court finds that Respondent has not met its burden to show that the Petition is untimely, and, as such, the Court will Order Respondent to provide a full and complete answer to the Petition. In that Answer, Respondent may renew its argument that Petitioner's Petition is untimely.

Under AEDPA, Congress prescribed a one-year period of limitation for the filing of federal habeas corpus petitions by state prisoners. *See Douglas v. Horn*, 359 F.3d 257, 261 (2004); 28 U.S.C. § 2241(d)(1). Pursuant to 28 U.S.C. § 2241(d)(1), [t]he limitation period shall run from the latest of—

---

> to impeach the witnesses who testified that she was the person who made the purchase. Although the printouts had been produced by the State prior to trial, they were not used at trial. According to Stone, they had been "misplaced."

*State v. Stone*, No. A-4837-10T2, 2013 WL 2217493, at *1 (N.J. Super. Ct. App. Div. May 22, 2013).

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under 28 U.S.C. 2241(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." This exception to the one-year limitation period is known as statutory tolling and provides that the one-year limitations period is tolled during the time a properly filed application for post-conviction relief is pending.[4] *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003). An application for post-conviction relief is considered "pending" within the meaning of § 2244(d)(2) during the period between a lower state court's ruling and the period a petitioner has to seek review of the decision, whether or not the appeal was actually sought. *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir.

---

[4] In addition to statutory tolling, the courts have also recognized that the statute of limitations may be equitably tolled where extraordinary circumstances so warrant. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). Equitable tolling should be granted sparingly and only when the principles of equity would make the rigid application of a limitation period unfair. *See Thomas*, 713 F.3d at 174 (citing *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). A petitioner must establish that he has diligently pursued his rights and that extraordinary circumstances stood in his way and prevented timely filing in order to be eligible for equitable tolling. *Id.* (citing *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562–63 (2010)). Mere excusable neglect is not sufficient. *Id.* In filing her reply to Respondent's full Answer, Petitioner may present any basis she may have for equitable tolling.

4

2000).  However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year state of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. D.A. of the County of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

A petitioner is only entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d) (2) for the time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2). To fall within the AEDPA tolling provision, the petition for state post-conviction review must have been both pending and "properly filed." *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir.), *cert. denied*, *Horn v. Fahy*, 534 U.S. 944 (2001).

In determining whether a petition is "properly filed" under the AEDPA, a federal court "must look to the state law governing when a petition for collateral relief is properly pending." *Douglas v. Horn*, 359 F.3d 257 (3d Cir. 2004) (citing *Fahy v. Horn*, 240 F.3d 239, 43 (3d Cir. 2003)); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000). An application is "filed" when it "is delivered to, and accepted by, the appropriate court officer for placement into the official record." *Artuz*, 531 U.S. at 8 (citations omitted): An application is "properly" filed

> when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee .... In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally .... But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

*Artuz*, 531 U.S. at 8–9 (citations omitted);

As explained by the Third Circuit in *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85–86 (3d Cir. 2013),

> if a state court determines that an application is untimely, "'that [is] the end of the matter' for purposes of" statutory tolling of AEDPAs limitation period, *id.* at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)), "regardless of whether [the state court] also addressed the merits of the claim, or whether [the state court's] timeliness ruling was 'entangled' with the merits[,]" *Carey*, 536 U.S. at 226. But if a state court fails to rule clearly on the timeliness of an application, a federal court "must ... determine what the state courts would have held in respect to timeliness." *Evans v. Chavis*, 546 U.S. 189, 198, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006).

It is well established that a petition for state post-conviction relief that <u>was rejected by the state courts as untimely</u> is not "properly filed" under § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction relief petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)") (internal quotation marks and citation omitted); *see also Allen v. Siebert*, 552 U.S. 3 (2007). However, in the absence of a "clear indication" by the state courts that a post-conviction relief petition is untimely, the federal court "must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." *Evans v. Chavis*, 546 U.S. 189, 198 (2006); *accord Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85–86 (3d Cir. 2013) ("But if a state court fails to rule clearly on the timeliness of an application, a federal court 'must ... determine what the state courts would have held in respect to timeliness.' ") (quoting *Evans*, 546 U.S. at 198)).

Here, Respondent's motion to dismiss fails to address the pivotal issues, *i.e.*, whether the Appellate Division rejected Petitioner's motion for a new trial and/or second PCR petition as untimely, and, if it did not clearly find that Petitioner's motion was untimely, whether this Court should find that the Appellate Division would have held that Petitioner's motion was untimely under state law had it reached the issue. From the Court's review of the record submitted by

6

Respondent, it appears that the motion judge held a hearing on Petitioner's application and found it to be untimely under New Jersey Court Rules 3:20-2 and 3:22-12, and then went on to find that Petitioner's application failed on the merits as both new trial motion and as a second PCR.  (*See* ECF No. 11-11, Apr. 29, 2011 Motion Tr. at 9:2-11:17).  The Appellate Division, however, did <u>not</u> clearly rule on the issue of timeliness; the appellate court instead determined that Petitioner's motion failed on the merits both as a motion for a new trial and as a second PCR.[5]  *See State v. Stone*, No. A-4837-10T2, 2013 WL 2217493, at *3 (N.J. Super. Ct. App. Div. May 22, 2013).

Because the Appellate Division did <u>not</u> clearly find the motion to be time barred, this Court must "examine the delay" in Petitioner's case and "determine what the state courts would have held in respect to timeliness." *Evans*, 546 U.S. at 198.  Here, however, Respondent has not examined the delay in the first instance by setting forth the relevant facts, and has not provided the relevant legal arguments.  Instead, without citing to the Appellate Division's Opinion affirming the denial of Petitioner's motion for a new trial, Respondent simply argues that Petitioner's motion for a new trial is untimely under N.J. Ct. R. 3:20-2, the rule governing motions for a new trial, because Petitioner conceded that the newly discovered evidence that formed the basis for her motion was provided to her in original discovery, and, as such, the evidence did not fall within the exception for newly discovered evidence.  (ECF No. 11-1, Mov. Br. at 5.)  Respondent reasons that Petitioner's motion for a new trial would be timely under

---

[5] In its opinion, the Appellate Division summarized the motion judge's findings as follows: "The motion judge found that the printouts were made available to the defense prior to trial and that use of the printouts at trial would not have changed the results.  The former is conceded.  We agree with the Judge's conclusion as to the latter." Stone, 2013 WL 2217493, at *3.  The Appellate Court then determined that it would have "reached the same result on the merits" if it had treated the motion as a second PCR, finding that Petitioner could not show that she was prejudiced by her counsel's failure to use the printouts. *See id.*

Rule 3:20-2 only if she had filed it 10 days after the verdict. *See* N.J. Ct. R. 3:20-2.[6]  (*Id.*)

Respondent also argues that if Petitioner's application were to be considered as a second PCR, it

would be untimely under the <u>current version</u> of N.J. Ct. R. 3:22-12(a)(2), because the application

was not filed within one year of the denial of her first PCR, and because she acknowledged that

the documents on which she bases her application for relief were provided to her with the

original discovery. (*Id.* at 6-7.)  Respondent further contends that there is no relaxation of the

current Rule for second or subsequent petitions. (*Id.* at 7 (citing N.J. Ct. R. 3:22-12(c)).

        Respondent's latter argument overlooks the fact that Rule 3:22-12, which sets time limits

on petitions for post-conviction relief, was amended effective September 1, 2009 and February 1,

2010 to provide separate time limitations for second or subsequent PCR petitions; however,

under the prior Rule 3:22-12, there was no distinction between time limitations for first PCR

petitions and subsequent PCR petitions, which were all subject to the five-year bar. *See, e.g.,*

*State v. Goodwin*, 173 N.J. 583, 594–95 (2002) (applying a five-year limitation under Rule 3:22–

12 to a defendant's second petition for PCR).  More importantly, the prior Rule 3:22-12

permitted relaxation of the Rule upon a showing of excusable neglect or extraordinary

circumstances. *See State v. Mitchell*, 126 N.J. 565, 576–578 (1992).

        Although it appears that motion judge (and Respondent) applied the current Rule 3:22-

12, Petitioner's motion was filed on or about November 10, 2007, prior to the relevant

amendments.  The version of the Rule 3:22–12(a) in effect at the time Petitioner filed her motion

for relief provided:

---

[6] That Rule states that "a motion for a new trial based on the ground of newly discovered evidence
may be made at any time" but requires motions for a new trial on any other basis to be made within
10 days after the verdict or finding of guilty, or within such further time as the court fixed during
the 10-day period."

> A petition to correct an illegal sentence may be filed at any time.
> No other petition shall be filed pursuant to this rule more than five
> years after rendition of the judgment or sentence sought to be
> attacked unless it alleges facts showing that the delay beyond said
> time was due to defendant's excusable neglect.

The five-year time limitation of Rule 3:22-12 runs from the date of the conviction or sentencing. *State v. Milne*, 178 N.J . 486, 491 (2004); *Goodwin*, 173 N.J. at 594.  The five-year period for filing a petition for post-conviction relief commences with the original judgment of conviction rather than amended judgments of conviction reflecting re-sentencings pursuant to remands, and the date is not stayed nor tolled by appellate or other post-conviction proceedings.  *State v. Dugan*, 289 N.J. Super. 15, 19–21 (App .Div.), *certif. denied*, 145 N.J. 373 (1996); *State v. Dillard*, 208 N.J. Super. 722, 727 (App. Div.), *certif. denied*, 105 N.J. 527 (1986).

"The five-year time limit is not absolute." *Milne*, 178 N.J. at 492.  Generally, to overcome the strictures of Rule 3:22–12, the petitioner must show (1) facts demonstrating "excusable neglect" <u>or</u> (2) "exceptional circumstances" that would warrant relaxation of the Rule.  *Mitchell*, 126 N.J. at 576–578; *State v. Afanador*, 151 N.J. 41, 52 (1997); *State v. Cruz*, 2009 WL 4251014, at *3 (N.J. Super. A.D. Nov. 18, 2009).  Although application of this Rule has been described as "rigorous" to be applied "in accordance with its plain meaning." *State v. Murray*, 162 N.J. 240, 248–49 (2000) (citing *Mitchell*, 126 N.J. at 576–578), "a court may relax the time bar if the defendant alleges facts demonstrating that the delay was due to the defendant's excusable neglect or if the 'interests of justice' demand it." *Goodwin*, 173 N.J. at 594 (internal citation omitted).  In determining whether "exceptional circumstances" exist in order to relax the procedural bar, the court should consider "the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim[.]" *State v. Afanador*, 151 N.J. 41, 52 (1997); *see also State v. Dirago*, No. A-0543-09T2, 2012 WL 1886492, at *5 (N.J. Super. Ct. App. Div. May 25, 2012) (explaining same).

Here Petitioner was sentenced on January 13, 2000. (ECF No. 11-2 Judgment of Conviction ("JOC").) Petitioner's motion for a new trial was filed on November 10, 2007, beyond the five year period established by Rule 3:22-12. As such, to avoid the five-year bar under Rule 3:22-12, Petitioner would need to establish either excusable neglect or extraordinary circumstances, as those terms have been construed by New Jersey courts.

As noted above, Respondent has not examined the cause of the delay in the first instance; nor has Respondent provided the relevant law for analyzing whether relaxation of the time bar is warranted in Petitioner's particular circumstances. In this regard, the Court notes that in Petitioner's *pro se* brief submitted in support of her motion for a new trial, Petitioner alleged that the original discovery in her case contained computer printouts that her original public defender intended to submit in support of a motion to dismiss the case against her. (*See* ECF No. 11-10, *Pro Se* Brief Letter Brief at 8-9.) Her original public defender was subsequently removed from the case. (*Id.*) Although her original trial attorney gave Petitioner a copy of her complete discovery prior to his replacement, Petitioner did not realize that the printouts were crucial to her case and unwittingly mailed the documents to her mother. (*Id.* at 9.) When Petitioner was assigned new counsel, she realized that her new counsel did not have the printouts. (*Id.*) She told her new counsel that the printouts were essential to her case, but her new counsel told her that the printouts did not exist, and they would not investigate it issue further.[7] (*Id.*) Notably, in

---

[7] At the motion hearing, Petitioner was represented by counsel but made a short argument on her own behalf, asserting that her "trial attorneys had no knowledge of [the] computer printout[s] to begin with, so it never was investigated. I never heard any findings of the investigation I when I brought it up to my attorney that it did exist, she told me it didn't, so they had no knowledge of it." (ECF No. 11-11, Apr. 29, 2011 Motion Tr., at 7:5-12.) The motion judge noted that Petitioner's arguments conflicted with unspecified information that he had, which suggested that the matter had been investigated. He asked Petitioner's attorney whether it was accurate to say that the matter was investigated, and Petitioner's attorney stated: "I have information that would support it was investigated." (*Id.* at 7:22-8-2.)

her *pro se* brief, Petitioner also appears to contend that she attempted to raise issues connected to the computer printouts in a *pro-se* supplemental brief submitted in connection <u>with her first PCR</u>, but that her attorney failed to brief and argue the issue, and that PCR judge who decided her first PCR did not rule on the issue.[8]  (*Id.* at 6-8, 11.)  She further argued that her PCR attorney was ineffective for failing to raise the issues related to the computer printouts.  (*Id.*)

Because Respondent has not provided the relevant law or examined the cause of the delay in the first instance, the Court declines to find that the Appellate Division would have refused to relax the five-year bar and would have found Petitioner's application untimely.  The Court will therefore deny the motion to dismiss the Petition on timeliness grounds at this time, and order Respondent to provide <u>a full and complete answer</u> to the Petition that addresses the merits of Petitioner's claims.  To the extent Respondent intends to renew its argument that the Petition is untimely in its Answer, it must address the relevant facts and law, and provide the Court with the complete record from which the Court can determine whether the Appellate Division would have found Petitioner's motion to be untimely under state law had it ruled on the issue.  An appropriate Order follows.

Madeline Cox Arleo
United States District Judge

---

[8] The record submitted by Respondent does not include the *pro se* brief allegedly submitted by Petitioner in connection with her first PCR.